UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM RILEY,

   Plaintiff,         Case No. 07-10905

vs.

               HONORABLE DAVID M. LAWSON
               HONORABLE STEVEN D. PEPE

TROTT and TROTT, P.C. for
WILSHIRE CREDIT CORP.,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

  This case was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A)-(B). For the reasons stated below IT IS RECOMMENDED that this matter be dismissed for lack of federal subject matter jurisdiction.

  "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

  A review of the complaint in this matter appears to indicate that Plaintiff is alleging an unlawful taking of his home in a Michigan state court action initiated by defendant Trott & Trott on behalf of Wilshire Credit Corporation. A later motion filed by Plaintiff requests a stay, presumably of the state court action at issue. Yet, Plaintiff did not provide this Court with enough facts to determine the status of the case, i.e. whether it had been concluded or was ongoing. On March 23, 2007, the undersigned issued an order in which Plaintiff was advised

1

that the proper course of action, if the state court matter were ongoing, would be to remove the matter to federal court – provided this Court would have subject matter jurisdiction – and ordering Plaintiff to show cause on or before April 20, 2007, why this matter should not be dismissed for lack of federal jurisdiction by providing the Court with the following information:

> 1. The case name, case number and the court related to the underlying state court matter.
> 2. The disposition of the state court matter, i.e. is it still pending or has it been decided.
> 3. If the state court matter is still pending, the grounds on which federal jurisdiction would be based if removal were considered.
> 4. Any other facts or legal argument on why this Court has jurisdiction.

(Dkt. # 5).

Plaintiff failed to respond. On March 28, 2007, Defendant filed a motion to dismiss (Dkt. #6) indicating that: Plaintiff had defaulted on a mortgage secured by the property at issue in the present lawsuit; the property had been foreclosed upon and was sold at a June 21, 2005, Sheriff's Sale; and Plaintiff subsequently appealed to the 46th District Court for the State of Michigan, which was dismissed in favor of the Defendant, and filed a lawsuit in this Court, which was dismissed by Judge Patrick J. Duggan on April 16, 2006 for lack of jurisdiction.

"[T]he threshold question in every federal case," is whether the court has the power to entertain the suit. *Warth v. Seldin,* 422 U.S. 490, 498 (1975). The *Rooker-Feldman* doctrine divests all federal district courts of subject matter jurisdiction to review state court judgments. *See generally Rooker v. Fid. Trust Co.,* 263 U.S. 413, (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir.2002). The doctrine prevents district courts from hearing challenges to state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486.

In order to grant Plaintiff the relief that he seeks, this Court would have to alter or amend the order of the 46th District Court. Under the Rooker-Feldman doctrine, only the United States Supreme Court has jurisdiction to review a state court decision. In *Rooker*, the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state court] judgment." 263 U.S. at 416. In *Feldman*, the Supreme Court further reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." 460 U.S. at 476. The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

Further, on the present record, Plaintiff has failed to properly allege grounds upon which this Court's jurisdiction depends, i.e. federal question, diversity of citizenship and amount in controversy – if removal were an option, which it does not appear to be – as such, it is recommended that this matter be dismissed for lack of jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 7, 2007  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Gregory R. MacKay and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: William Riley, 25428 Woodvilla Place, Southfield, MI 48025

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peltier@mied.uscourts.gov